UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X
MALIBU MEDIA, LLC,

              Plaintiff,

  - against -

JOHN DOES 1-11,

             Defendants.
———————————————————X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/16/13

**OPINION AND ORDER**

12 Civ. 3810 (ER)

     This action is part of a nationwide series of copyright infringement lawsuits that stem from the unauthorized downloading and distribution of copyrighted movies. Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu") is a corporation that owns the copyright registration for the motion picture "Leila Last Night" (the "Work"). Defendant John Doe 1 ("Defendant") is an alleged infringer who downloaded the Work without authorization using the BitTorrent protocol. Plaintiff was able to identify Defendant only by the Internet Protocol ("IP") address from which the Work was downloaded. In a prior Opinion and Order dated August 21, 2012 (the "August 2012 Opinion"), this Court granted Plaintiff's motion for expedited discovery, enabling Plaintiff to serve a subpoena on Defendant's Internet Service Provider ("ISP") in order to ascertain Defendant's identity. Doc. 5. Objecting to this action on the basis that subscriber identity is not dispositive of infringer identity, Defendant now moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and to quash the subpoena pursuant to Fed. R. Civ. P. 45. Doc. 17. For the reasons discussed below, Defendant's motion is DENIED.

    **I. Background**

     BitTorrent is a peer-to-peer file-sharing protocol that allows users to distribute and download data over the Internet. The protocol provides a fast, efficient method to transfer large

digital media files, like full-length movies, by breaking down the file into smaller pieces. Each piece is given a random and unique alphanumeric identifier known as a "hash value." A "swarm," or group, of participating computer users then work collaboratively, though anonymously, to download and distribute these pieces within the swarm. After an individual user has downloaded all of the necessary pieces from various members of the swarm, the BitTorrent software reassembles the file so that the user can view the entire film on his computer. The protocol also uses a "tracker" function to trace the pieces of the file as they are transferred throughout the swarm. *Patrick Collins, Inc. v. John Doe 1*, 12 Civ. 1154 (ADS) (GRB), 2013 WL 2177787, at *1 (E.D.N.Y. May 18, 2013); *see also* August 2012 Opinion at 2-3. This "tracker" enables identification of the IP address of each of the users who were part of the swarm from which the media was downloaded. *Patrick Collins*, 2013 WL 2177787, at *1.

Plaintiff owns United States Copyright Registration Number PA0001775906 for the Work. Compl. ¶ 11. Defendant and others working together in a swarm allegedly infringed this copyright by using the BitTorrent protocol. Plaintiff uncovered the IP addresses of these users by employing IPP, Limited, a security consulting company. *See id.* ¶¶ 2, 36-39. IPP, Limited used forensic software to scan peer-to-peer networks for the presence of infringing transactions. *Id.* ¶ 37. IPP, Limited then extracted the data from the forensic software scan and isolated transactions associated with the Work by reference to a particular hash value (the "Unique Hash Number"). *Id.* ¶¶ 38-39(A). The scan also identified the IP addresses that engaged in the infringement. *Id.* ¶¶ 39-40.

Plaintiff subsequently filed suit against eleven alleged infringers—known only by their IP addresses—claiming direct and indirect copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). After bringing suit,

Plaintiff moved for leave to file third-party subpoenas on the ISPs of these defendants in order to obtain identifying information. Doc. 2.

In the Court's August 2012 Opinion, after discussing the division among courts regarding joinder in these copyright infringement cases, August 2012 Opinion at 8-9, the Court severed and dismissed John Doe defendants 2-11 and granted Plaintiff's motion to serve a subpoena on the ISP of Defendant John Doe 1. *Id.* at 13-14. The scope of the subpoena was limited to Defendant John Doe 1's name, address, and Media Access Control address. *Id.* at 14. The Court also prohibited the ISP from providing the information to Plaintiff prior to the expiration of a 60-day period, during which time Defendant could file a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously. *Id.* at 15-16. Defendant has timely filed a motion to dismiss the claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and to quash the subpoena. Doc. 17. As litigated in various actions nationwide, this motion presents the issue of "whether the Plaintiff can maintain a plausible copyright infringement claim against a defendant solely on the basis that the defendant owned an IP address that was used to download a protected . . . film through BitTorrent technology." *Patrick Collins, Inc.*, 2013 WL 2177787, at *3; *see also* Def.'s Mem. L. 3-10, Doc. 19.

**II. Motion to Dismiss**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint cannot be merely a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face," *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted), and a claim is facially plausible when the complaint

pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a motion to dismiss, a court must "accept as true all of the allegations contained in a complaint," excluding legal conclusions. *Id.*

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein. *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007). The Court, however, may consider documents that are attached to the complaint or incorporated by reference, provided there is no dispute regarding authenticity, accuracy or relevance. *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted).

To state a claim for copyright infringement, a plaintiff must demonstrate ownership of a valid copyright and infringement of that copyright by the defendant. *American Broadcasting Companies, Inc. v. Flying J, Inc.*, 06 Civ. 2967 (DAB), 2007 WL 583176, at *4 (S.D.N.Y. Feb. 22, 2007). Courts in the Southern District of New York have held that to meet the requirements of Rule 8(a), a complaint alleging copyright infringement must "plead with specificity the acts by which a defendant has committed copyright infringement." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000); *see also McCarthy v. Stollman*, 06 Civ. 2613 (DAB), 2009 WL 1159197, at *3 (S.D.N.Y. Apr. 29, 2009); *Carell v. Shubert Org., Inc.,* 104 F. Supp. 2d 236, 250-51 (S.D.N.Y. 2000).

Specifically, Plaintiff must allege "(1) which specific original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992),

*aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994) (citing *Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F.Supp. 1, 4 (S.D.N.Y. 1991); *Calloway v. Marvel Ent. Group*, 82 Civ. 8697 (RWS), 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983); *Gee v. CBS, Inc.*, 471 F.Supp. 600, 643 (E.D.Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979)).

Plaintiff has appropriately pled each of these elements. The Complaint adequately identifies which original work is the subject of the copyright claim—the motion picture "Leila Last Night"—and alleges that the Plaintiff owns the copyright for the Work. Compl. ¶ 11. The Complaint also alleges that the copyright has been properly registered, and Plaintiff has provided evidence of ownership and registration of the copyright. *Id.* ¶ 13, Ex. B. The controversy in this case concerns the fourth and final element that Plaintiff must allege: "by what acts during what time" the Defendant infringed the copyright. Although Defendant argues that his identity as a subscriber is not dispositive of copyright infringement, the Court finds that Plaintiff has properly alleged enough factual content to meet the requirements of Rule 8(a).

Specifically, the Complaint alleges that (1) the Defendant has installed a BitTorrent client on his computer, Compl. ¶ 16; (2) the Defendant has participated in a "swarm" and "directly interacted and communicated with other members of that swarm," *id.* ¶ 33; (3) the Defendant has "copied a piece of Plaintiff's copyrighted Work identified by the Unique Hash Number," *id.* ¶ 39(A); (4) the Defendant has used his "identified IP address to connect to [IPP, Limited's] investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a digital media file identified by the Unique Hash Number," *id.* ¶ 40; (5) the Defendant transmitted a portion of the film on February 4, 2012 at 17:49, *id.*, Ex. A; (6) an agent of IPP, Limited has "analyzed each BitTorrent 'piece' distributed by each IP address listed on Exhibit A and verified that re-assemblage of the pieces using a BitTorrent Client results in a fully

5

playable digital motion picture of the Work," Compl. ¶ 41; and (7) an agent of IPP, Limited has "viewed the Work side-by-side with the digital media file that correlates to the Unique Hash Number and determined that they were identical, strikingly similar, or substantially similar." *Id.* ¶ 42.

By alleging that the Defendant downloaded a BitTorrent client, participated in a swarm, and copied a piece of copyrighted work identified by a unique hash number, Plaintiff has adequately pled a plausible claim of copyright infringement. *See Patrick Collins, Inc.,* 2013 WL 2177787, at *7 ("[T]he Plaintiff has adequately pled a plausible claim of copyright infringement by providing sufficient detail as to the acts the John Doe Defendant took in infringing the copyright.").

Although Defendant correctly asserts that subscriber identity does not always correspond with infringer identity, "the difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss." *Id.* at *8. To survive a motion to dismiss, Plaintiff need only allege a plausible claim. *Id.* While it is reasonably possible that Defendant did not commit the alleged infringement, it is also reasonably possible that Defendant did infringe Plaintiff's copyright based on the allegations set forth in the Complaint, which must be accepted as true for the purposes of the present motion. *Id.* This position has been adopted by numerous courts that have found copyright infringement claims to be sufficiently pled where the defendant was only identified by an IP address. *See, e.g., Patrick Collins, Inc.,* 2013 WL 2177787, at *8; *Malibu Media, LLC v. John Doe 1*, 12 Civ. 2078, 2013 WL 30648, at *4 (E.D. Pa. Jan. 3, 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D.

185, 189 (S.D.N.Y. 2012); *Malibu Media, LLC v. Pelizzo*, 12 Civ. 22768, 2012 WL 6680387, at **3-4 (S.D. Fla. Dec. 21, 2012).

Ignoring this precedent, Defendant claims that courts have "fully rejected" the inference that the Plaintiff attempts to make (that the Defendant infringed its copyright because his internet subscription was used to download the Work without authorization). Def.'s Mem. L. 4-5. This argument mischaracterizes the state of the law. While courts have recognized that "the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper," *In re BitTorrent Adult Film Copyright Infringement Cases*, 11 Civ. 3995 (DRH), 2012 WL 1570765, at *5 (E.D.N.Y. May 1, 2012), *report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012), and that film companies may exploit information gleaned during early discovery to "harass and demand of defendants quick settlement payments, regardless of their liability," *Zero Tolerance Ent., Inc. v. Does 1-45*, 12 Civ. 1083 (SAS), 2012 WL 2044593, at *1 (S.D.N.Y. June 6, 2012), they have not addressed these concerns in the context of motions to dismiss. Instead, those cases arose in the context of motions for expedited, pre-service discovery,[1] and courts have resolved these issues by severing defendants, dismissing claims against those severed defendants, and limiting expedited discovery. *See, e.g., Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 170-71 (S.D.N.Y. 2012) (severing defendants 2-27 partly due to the fact that "it is conceivable that several John Does identified in this case did not actually download the Motion Picture"); *Media

---

[1] Discovery requests must be "sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *Sony Music Ent., Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). Yet Plaintiff need only present a plausible claim to survive a motion to dismiss, not a claim that is "reasonably likely." *See Patrick Collins, Inc.*, 2013 WL 2177787, at *9 (citing *U.S. v. Copeland*, 376 F.3d 61, 73 (2d Cir. 2004) (distinguishing between the "reasonable likelihood" and "plausible showing" standards)).

*Products, Inc. v. John Does 1-26*, 12 Civ. 3719 (HB), 2012 WL 3866492, at \*\*2-3 (S.D.N.Y. September 4, 2012) (severing all defendants except John Doe 1 while acknowledging that the Court is "not ready to foreclose the possibility that joinder of peers who constitute a swarm may be appropriate in certain circumstances"); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 235-37 (E.D.N.Y. 2012) (allowing expedited discovery with the exception of email addresses and telephone numbers). Since this Court has already severed defendants 2-11, dismissed the claims against them, and limited discovery to Defendant's name, address, and Media Access Control address, concerns of extortion and improper inferences have been properly addressed. For the remaining Defendant, Plaintiff has asserted a plausible claim that the Defendant has infringed its copyright. Aside from such policy arguments, Defendant cites no legal authority for the proposition that Plaintiff's Complaint must be dismissed because it identifies the internet subscriber as the copyright infringer. *See* Def. Mem. L. 3-10. Indeed, as noted above, the weight of the authority is directly to the contrary. Accordingly, the motion to dismiss is DENIED.

### III. Motion to Quash

A motion to quash is governed by Rule 45 of the Federal Rules of Civil Procedure. Pursuant to Rule 45(c)(3)(A)(iii), a court must quash a subpoena, *inter alia*, if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and the subpoena served on Defendant's ISP requests "documents identifying the name AND address of the [Defendant]." Doc. 18-4 at 2. Courts in this district have recognized that internet users have a limited First Amendment privacy interest in anonymous internet usage, including the use of peer-to-peer file sharing networks, but this interest does not protect those who use their anonymity to infringe the copyrights of others. *Sony Music Ent., Inc. v. Does 1-40*, 326 F. Supp.

8

2d 556, 563-565 (S.D.N.Y. 2004). To weigh the First Amendment interest in anonymity against the need for disclosure in copyright infringement cases, courts in this district have employed a five factor balancing test, which evaluates: "(1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) the objecting party's expectation of privacy." *John Wiley & Sons, Inc.*, 284 F.R.D. at 189 (citing *Sony Music Ent., Inc.*, 326 F. Supp. 2d at 564–67).

In this case, the factors clearly weigh in favor of Plaintiff's request. First, Plaintiff has made a concrete showing of a prima facie claim of copyright infringement. "To establish a prima facie claim of copyright infringement, a plaintiff must allege both '(1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *American Broadcasting Companies, Inc.*, 2007 WL 583176, at *4 (quoting *Yurman Design v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001)). Plaintiff has made a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement. *See, e.g., John Wiley & Sons, Inc.*, 284 F.R.D. at 189 (finding that plaintiff made a "prima facie claim of copyright infringement by alleging . . . its ownership of the registered copyright for *Windows 7 Secrets*, and . . . specific details regarding the unlawful copying and distribution of this work, including the date and time at which the copying occurred, the file-sharing technology used, and the IP address of the computer from which the file was copied."). Accordingly, this factor weighs in favor of Plaintiff.

Second, the discovery request was adequately specific because it seeks the name and address of Defendant. *See Malibu Media, LLC v. Doe No. 4*, 12 Civ. 2950 (JPO), 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012) (finding that a request seeking defendant's name, current and permanent address, e-mail address, and Media Access Control was "highly specific").

Third, the information sought by the subpoena cannot be obtained through other means. In the August 2012 Opinion, the Court acknowledged the anonymity of BitTorrent protocol and recognized that ISPs only keep identifying logs for a limited period of time. August 2012 Opinion at 3, 13. Moreover, Defendant does not assert how the Plaintiff may identify the infringers in the absence of the subpoena, other than noting that the Plaintiff would need to "engage in some additional discovery to determine the identity of the individual or individuals who actually committed the alleged copyright infringements . . . ." Def.'s Reply Mem. L. 7, Doc. 21; *see* Def.'s Mem. L. 11. For these reasons, the Court is satisfied with Plaintiff's assertion that "Defendant's IP address is the *only* way to identify the infringer," and this element weighs against granting the motion. Pl.'s Mem. L. 7 (emphasis in original); *see also John Wiley & Sons, Inc.*, 284 F.R.D. at 190 ("[Plaintiff] has explained that the use of the BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address . . . [Plaintiff] has established that it lacks the means to obtain the subscriber's identifying information, other than by subpoena."); *Sony Music Ent., Inc.*, 326 F. Supp. 2d at 566 (finding no other method to obtain information than by subpoena under similar circumstances).

Fourth, Plaintiff has demonstrated that the subpoenaed information is necessary to advance the claim. "Ascertaining the identities and residencies of the Doe defendant[ ] is critical

to [Plaintiff's] ability to pursue litigation, for without this information, [Plaintiff] will be unable to serve process." *Id.* Defendant has not rebutted this argument.

Fifth, courts in this district have held that ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material. *See, e.g., Arista Records LLC v. Doe 3,* 604 F.3d 110, 118 (2d Cir. 2010) ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment.").

Since all factors weigh in favor of upholding the subpoena, Defendant's motion to quash is DENIED.

### IV. Protective Order

Within its motion to quash the subpoena, Defendant requests that the Court issue a protective order "providing that, in the event of inadvertent or other disclosure by Cablevision of documents setting forth John Doe 1's identity, Plaintiff shall destroy such documents and keep such information confidential and not use it for any purpose." Def.'s Mem. L. 11. Fed. R. Civ. P. 26 allows a court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). For the reasons discussed above, the Court does not find good cause to issue a protective order. *See John Wiley & Sons, Inc.*, 284 F.R.D. at 192 (declining to issue a protective order where each of the factors from the balancing analysis weighed in favor of denying the motion to quash). Furthermore, Defendants provide no legal authority for such a request. Def.'s Mem. L. 11. Accordingly, Defendant's request for a protective order is DENIED.

## V. Conclusion

For the reasons set forth above, Defendant's motion to dismiss the Complaint and quash the subpoena and Defendant's request for a protective order are DENIED. The Clerk of the Court is respectfully directed to terminate the motion (Doc. 17).

It is SO ORDERED.

Dated:     July 16, 2013
           New York, New York

                                                        _____
                                                        Edgardo Ramos, U.S.D.J.